UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

PHILLIP CRUMP,

        Plaintiff,

   v.

FRANKLIN CREDIT MANAGEMENT CORPORATION; BANK OF AMERICA HOME LOANS; WMC MORTGAGE CORPORATION, et al.,

        Defendants.

NO. CIV. S-09-2378 FCD GGH

MEMORANDUM AND ORDER

----oo0oo----

This matter is before the court on the motions of (1) defendants BAC Home Loans Servicing, LP (erroneously sued as Bank of America Home Loans) and Recontrust Company, N.A. (Docket #28) and (2) WMC Mortgage Corporation (Docket #26) (collectively, "defendants") to dismiss plaintiff Phillip Crump's ("plaintiff") first amended complaint ("FAC") pursuant to Federal Rule of Civil Procedure 12(b)(6).[1]  On April 9, 2010, plaintiff filed

---

[1] Because oral argument will not be of material assistance, the court orders these matters submitted on the briefs.  E.D. Cal. L.R. 230(g).

1

1  statements of non-opposition to defendants' motions, in which he
2  requested dismissal of his federal claims for relief, pursuant to
3  the Real Estate Settlement Procedures Act ("RESPA") and the Truth
4  in Lending Act ("TILA"), alleged against the moving defendants as
5  well as all other defendants.[2]  (Docket #33, 34.)

6  Based on plaintiff's statements, the court dismisses the
7  RESPA and TILA claims asserted in the FAC.  See, e.g. Fed. R.
8  Civ. P. 41(a); Swedberg v. Marotzke, 339 F.3d 1139 (9th Cir.
9  2003) (a defendant's filing of a motion to dismiss, pursuant to
10 Rule 12(b), does not prevent the plaintiff from later filing a
11 voluntary dismissal).

12 Dismissal of the RESPA and TILA claims leaves the complaint
13 devoid of any federal claims.  The remaining claims are state law
14 claims for fraud, breach of fiduciary duty, breach of contract,
15 breach of the implied covenant of good faith and fair dealing,
16 negligence, violation of the California Rosenthal Act, violation
17 of California Business and Professions Code § 17200 et seq., and
18 wrongful foreclosure.  (FAC, filed January 18, 2010 [Docket
19 #19].)

20 Subject to the conditions set forth in 28 U.S.C. § 1367(c),
21 district courts may decline to exercise supplemental jurisdiction
22 over state law claims.  See Acri v. Varian Assoc., Inc., 114 F.3d

---

[2]  In his FAC, plaintiff also named as defendants Franklin Credit Management Corporation ("Franklin"), American Dreams Homes, Therman Edwards and Victor Jenkins.  He asserted a RESPA claim against Franklin, who answered the FAC on February 19, 2010 (Docket #31).  Plaintiff now requests dismissal of that claim against Franklin.  (Docket #33, 34.)  It does not appear that American Dreams Homes, Therman Edwards or Victor Jenkins have been served, and they have not otherwise appeared in the action. No federal claims for relief are alleged against them in the FAC.

2

1  999, 1000 (9th Cir. 1997) (en banc).  The court's decision
2  whether to exercise supplemental jurisdiction should be informed
3  by values of "economy, convenience, fairness, and comity."  Id.
4  at 1001 (citations omitted).  Further, primary responsibility for
5  developing and applying state law rests with the state courts.
6  Therefore, when federal claims are eliminated before trial,
7  district courts should usually decline to exercise supplemental
8  jurisdiction.  See Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343,
9  350 (1988); Gini v. Las Vegas Metropolitan Police Dept., 40 F.3d
10 1041, 1046 (9th Cir. 1994) ("In the usual case in which federal-
11 law claims are eliminated before trial, the balance of factors
12 . . . will point toward declining to exercise jurisdiction over
13 the remaining state law claims.") (quoting Schneider v. TRW Inc.,
14 938 F.2d 986, 993 (9th Cir. 1991)).  In accordance with Section
15 1367(c), the court declines to exercise supplemental jurisdiction
16 over plaintiff's remaining state law claims.

    Plaintiff's FAC is therefore DISMISSED without prejudice.[3]

    IT IS SO ORDERED.

DATED: April 13, 2010

_____
FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE

---

[3] Plaintiff's motion for leave to file an amended complaint to dismiss his federal claims for relief, noticed for hearing on June 4, 2010, is HEREBY DENIED as MOOT.